IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSE LYNN ROSS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-02508-MSN-atc |
| ) | |
| **SOCIAL SECURITY ADMINISTRATION** ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
TO DENY MOTION FOR DEFAULT JUDGMENT**

Before the court by order of reference[1] is *pro se* Plaintiff Jesse Lynn Ross's Motion for Default Judgment, filed December 1, 2021. (ECF No. 8.) For the following reasons, the Court recommends that the motion be DENIED.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Ross's sprawling, 170-page motion follows his similarly sprawling complaint, which spans more than 300 pages, with exhibits, in which he claims that the Social Security Administration violated his civile rights under 42 U.S.C. § 1983. (ECF No. 1.) The bulk of the first five pages of Ross's motion contains listings of provisions of the United States Code. The remainder of the motion, which is difficult to follow, outlines complaints that Ross has with the federal government, both in its treatment of him and generally. He compares his own actions in

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

reporting legal violations to actions taken by gymnast Simon Biles and the United States Women's Gymnastics Team (ECF No. 8, at 14, 18, 153–54); pontificates as to the meaning of the "Constitutional Will of the People" (*id.* at 15–17); accuses various unnamed government officials of terrorism and treason (*id.* at 24–25); accuses the government of breaching a contract with him, without identifying the contract (*id.* at 29); asserts that the "matter before the court is bigger than [] Watergate, Donald Trump Election, George Floyd Death and the constitutional" (*id.* at 55); accuses the government of false advertising (*id.* at 119); and states that he is waiting for news stations to report on how the government is "stealing social security benefits" (*id.* at 127). He also includes a section he calls "Rise to the Claim," one of multiple areas within his motion in which he details the hundreds of millions of dollars of damages he alleges he has suffered. (*Id.* at 130–34.)

> Ross offers the following justification for the Court's entry of a default judgment:
>
> [W]hy this default judgement should be granted without reservation of doubt or any questions in the unquestionable eyes of the court over this matter comes to the unequivocally decision and conclusion that, protected secure sanctuary sovereignty violations to myself and many, many, others american in this country has endure unknowingly and still present in today reality of active activity within the federal governmental organization and federal governmental entities and unknowingly unaware to the United States Federal Judicial Branch of Government of, The United States of America and under the covenant authority of The United States of America and, the citizens of this country and nation has endure the violated civil rights of sanctuary covenant protection unknowingly and by authorize with authority (Official Federal Governmental Officer and Federal Official Elected Officer) in position of authority in the daily operation of vested and bonded covenant agreement of acknowledgement and official joint covenant authority agreement between the (official federal governmental organization and official federal governmental entities of vested covenant acknowledgement in share and joint governmental protection of the people and citizens of this country and nation under the "color of law" but, violated the conscience will of the people authority and by not being submissive and obedience to the constitutional conscience cannon of the people will of the United States of America Constitution.

(*Id.* at 37–38.)  Ross claims that he is entitled to a default judgment of $76,086,054,152.00 and that the "amount listed above is where you be starting from because, that amount only exist because, the rest need to figure out and address and this will only be accepted with (one time payment only)."  (*Id.* at 167.)

Even if Ross had stated the basis for the relief he seeks with more clarity, the Court would still recommend denying the motion because he has failed to satisfy the necessary procedural prerequisites for a default judgment.  Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Entry of default under Rule 55(a) must occur "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  *Hays v. Wharton*, No. 11-2193-JDT-tmp, 2013 WL 4049534, at *1 (W.D. Tenn. Aug. 8, 2013) (quoting *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009)).  Moreover, "to obtain an entry of default under Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendants' failure to plead or otherwise defend the action."  *White v. Stephens*, No. 13-CV-2173-JDT-tmp, 2014 WL 727000, at *1 (W.D. Tenn. Jan. 14, 2014), *report and recommendation adopted*, No. 13-2173-JDT/TMP, 2014 WL 763355 (W.D. Tenn. Feb. 24, 2014).

Ross has not filed an application for default.  His failure to fulfill this required step renders his request for a default judgment premature.  And even if a default had been entered, the Court would still recommend that his motion for default judgment be denied.  Under Federal Rule of Civil Procedure 55(d), "[a] default judgment may be entered against the United States,

3

its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Ross has not provided any such evidence.

For the foregoing reasons, the Court recommends that Ross's Motion for Default Judgment be DENIED.

Respectfully submitted this 18th day of August, 2022.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.