IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JESSE LYNN ROSS,

    Plaintiff,

v.                                    Case No. 2:21-cv-2508-MSN-atc

SOCIAL SECURITY ADMINISTRATION
UNITED STATES OF AMERICA,

    Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT

Before the Court is Magistrate Judge Christoff's Report and Recommendation to Deny Motion for Default Judgment (ECF No. 13, "Report") entered August 18, 2022. The Report recommends that Plaintiff's Motion for Default Judgment (ECF No. 8, "Motion") filed December 1, 2021, be denied. (ECF No. 13 at PageID 518, 521.) Plaintiff timely filed his objections to the Report on September 1, 2022, (*see* ECF No. 16, "Objections"). For the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Report is **ADOPTED**, and Plaintiff's Motion for Default Judgment is **DENIED**.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION**

Under Federal Rule of Civil Procedure 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). *Ramada Franchise Systems, Inc. v. Borada Enters. LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *see also Hickman v. Burchett*, No. 07–743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) (collecting cases). Once a default has been entered by the clerk, all the plaintiff's well-pleaded allegations are deemed admitted, including jurisdictional allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelty and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Additionally, once a default is obtained, the proponent may file for default judgment by the clerk or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to conduct an accounting, determine the amount of monetary damages, establish the truth of any allegation by evidence, or investigate any other matter. *Id; see also Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407, at *8 (W.D. Tenn. Mar. 15, 2011).

Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, but the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11–10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2685 (3rd ed. 1998).

The Report states that Plaintiff has not filed an application for entry of default by the clerk under Federal Rule of Civil Procedure 55(a), and this failure "renders his request for default judgment premature." (ECF No. 13 at PageID 520.) The Report recommends denying Plaintiff's Motion due to this failure. (*Id.*) Moreover, the Report finds that Plaintiff has not put forth satisfactory evidence that establishes a claim or right to relief, which also supports denying his Motion. (*Id.* at PageID 520–21.)

Plaintiff's Objections do not specifically address the finding that he has failed to satisfy the procedural requirement of requesting the Clerk to enter a default pursuant to Federal Rule of Civil Procedure 55(a). Instead, his Objections focus on the evidence supporting his case, and they also attack the integrity of the Magistrate Judge, the "United States Judicial Branch," and the Social Security Administration.

Plaintiff believes his Complaint was not read over in its entirety but was merely scanned (*see* ECF No. 16 at PageID 530, alleging that Magistrate Judge "did not even read the my compliant period," and "may complaint was never read by this judge period because, her language shows she only glance over my complaint and chose a few words mention in the original complaint"; *id.* at PageID 531, "she never even read the lawsuit period"; *id.* at PageID 532, "didn't even consider to read the lawsuit"; *id.* at PageID 534, "willful blindness"; *id.* at PageID 535, "the judge over my matter who will not even read my lawsuit period"; *id.* at PageID 536, "my lawsuit

4

was not even to be consider to fully read and not scan," and "you did not even consider to sincerely read"), and Plaintiff ultimately requests that another Magistrate Judge be assigned to his case (*see id.* at PageID 537). This Court has reviewed the record in this matter, and Plaintiff's allegations are entirely without support, and his request for a new Magistrate Judge is **DENIED**.

Plaintiff also questions the integrity of the Judicial Branch, asserting that it has a "vested interest" in "protect[ing] the United States Federal Government from from [sic] all damages of financial liability." (*Id.* at PageID 532.) Plaintiff also alleges that an employee of the Social Security Administration has stolen $161,000 in benefits from him (*see id.* at PageID 528, 533, 535, 539, 544–45, 549, 551), and he believes other government employees are going into citizens' "personal social security account[s] stealing social security benefits and selling personal information . . . ." (*id.* at PageID 546). Again, the Court has reviewed the record in this matter, and Plaintiff's objections and allegations are without merit or support.

The Court has reviewed *de novo* Plaintiff's Complaint (ECF No. 1), his Motion for Default Judgment (ECF No. 8), the Report (ECF No. 13), and Plaintiff's Objections (ECF No. 16), and the Court agrees with the analysis and recommendation of Magistrate Judge Christoff.[1] Plaintiff's Motion fails to show that he has satisfied the prerequisites for entering a default judgment in this matter.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED**, the Report is **ADOPTED**, and Plaintiff's Motion for Default Judgment (ECF No. 8) is **DENIED**.

---

[1] Plaintiff did not make specific objections to the Report's salient findings, and it is likely the Court could have reviewed the Report for clear error. The Court nevertheless applied the higher *de novo* standard for its review.

5

**IT IS SO ORDERED**, this 19th day of September, 2022.

                                              *s/ Mark S. Norris*
                                              MARK S. NORRIS
                                              UNITED STATES DISTRICT JUDGE