IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSE LYNN ROSS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )     No. 2:21-cv-02508-MSN-atc |
| | ) |
| **SOCIAL SECURITY ADMINISTRATION** | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Defendant.** | ) |

**REPORT AND RECOMMENDATION
TO DENY MOTION FOR DEFAULT JUDGMENT AND TO DISMISS
CASE FOR FAILURE TO PROSECUTE**

Before the court by order of reference[1] is *pro se* Plaintiff Jesse Lynn Ross's Motion for Default Judgment, filed September 1, 2022. (ECF No. 17.)[2] For the following reasons, the Court recommends that the motion be DENIED. The Court further recommends that Ross's complaint be dismissed, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).

**I.    Proposed Findings of Fact and Relevant Procedural History**

On August 5, 2021, Ross used a court-provided complaint form to allege that the Social Security Administration of the United States (the "SSA") violated his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) The allegations in Ross's complaint are difficult to decipher, but

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] On October 19, 2022, Ross filed what appears to be an affidavit in support of his motion. (ECF No. 20.)

he appears to allege that he was not offered the appropriate benefits by the SSA and that the SSA "violated national security," "committed treason," and engaged in acts of terrorism based on complaints Ross made in support of his entitlement to receipt of Social Security benefits. (*Id.* at 2.) Ross seeks $450 million in compensatory damages, $200 million in punitive damages, and $1,426,140 based on what he describes as a monthly civil rights penalty of $10,260, payable for 139 months. (*Id.* at 3.)

In addition to the information Ross provided in the form complaint, he also included several hundred pages of various materials that appear to include, among other things, excerpts from settlement agreements (ECF No. 1-2, at 56), rulings by the SSA (*id.* at 8, 45–47), an order from the Shelby County, Tennessee Chancery Court approving his workers' compensation settlement agreement (*id.* at 10–21), references to various statutory provisions (*id.* at 22–24, 34–37), press releases involving crimes and prosecutions of social security employees (*id.* at 28–29; ECF No. 1-6, at 9–13), letters and emails he and his purported legal counsel appear to have sent to various government officials (ECF No. 1-3), and descriptions of an episode from the seventh season of the television show Dragnet, which originally ran in 1957–58, and which involved crimes that allegedly resemble the modern-day crimes perpetrated against Ross (ECF No. 1-6, at 1–4).

On December 1, 2021, Ross filed his first motion for default judgment. (ECF No. 8.) The next day, the Court entered an order to show cause. (ECF No. 9.) In that order, the Court explained that there was "no indication of proof of service on Defendant Social Security Administration," that the 90-day window for service under Federal Rule of Civil Procedure 4(m) had closed, and that Ross had to show cause, by December 23, 2021, as to why his case should not be dismissed for failure to prosecute. (*Id.* at 1–2.) On December 7, 2021, Ross filed his

response to the order to show cause.  (ECF No. 10.)  Two days later Ross filed a document styled as "Plaintiff Motion to the Federal District Court to Prosecute All Parties."  (ECF No. 11.)

On August 18, 2022, the undersigned issued a report and recommendation to deny Ross's first motion for default judgment.  (ECF No. 13.)[3]  On August 26, 2022, the Court entered two orders.  The first was another order to show cause, which noted that Ross's response to the original show cause order did not address the service issue.  (ECF No. 14, at 1.)  The Court thus ordered Ross "to serve Defendant consistent with Federal Rule of Civil Procedure 4 within thirty days of the entry of this Order" and explained that, "[p]ursuant to Local Rule 4.1(e), Ross is required to file proof of service 'within 7 days after service is effected.'"  (*Id.* at 3.)  The Court explained that a "[f]ailure to meet these deadlines and to sufficiently effectuate service consistent with the Federal Rules of Civil Procedure will result in this Court recommending Ross's case being dismissed without further notice."  (*Id.*)

The second Order denied Ross's Motion to the Federal District Court to Prosecute All Parties, noting that the Court could not provide Ross guidance in the prosecution of his case and that, in any event, as the Court had previously explained, Ross had "not sufficiently served Defendant in this matter and Defendant has not appeared."  (ECF No. 15, at 2.)

Following the entry of the second order to show cause, Ross filed multiple documents on the docket that appear to be purported evidence that he has effectuated service on Defendant.  (*See* ECF Nos. 18, 22, 25, 26.)

---

[3] On September 19, 2022, District Judge Mark S. Norris adopted the report and recommendation over Ross's objections, denying Ross's motion for default judgment.  (ECF No. 19.)  Ross subsequently filed an objection to that Order on October 19, 2022.  (ECF No. 21.)

## II. Proposed Conclusions of Law

### A. Recommendation to Deny Motion for Default Judgment

Ross's second motion for default judgment should be denied for the same reasons as his first. Ross has once again failed to clearly state the basis for the relief he seeks, satisfy the procedural prerequisites for a default judgment, or provide sufficient evidence that establishes his right to relief from the government.

Ross's second motion for default judgment, though streamlined from the earlier 170-page submission that sought the same relief, is nevertheless nearly as difficult to follow. To support his claim, Ross asserts:

> Jesse Lynn Ross/ plaintiff in this matter is informing the United States District Court For State of Tennessee / Western Division a submitted Request for Default Judgement for claims and entitlement amount of $76,086,054,152.00 and that is the "amount listed above is where you be starting from because , that amount exist because[] the rest need to be figure out by the United States Federal District Court for The State of Tennessee/ Western Division and address other (fines and penalties including, interest) after decision awarding to Jesse Lynn Ross that, was truly violated by (Violation of the Civil Right Act of 1866) and that , single violation act committed alone violated every sanctuary area of secure protected sovereignty of my personal civil rights and single secure (entitlement benefit of $58,820.50 stolen from me by Social Security Employee Manager/ M. Douglass and informing me by Social Security Employee/ Amanda Hargrove of needing to (Back Pay Audit) on a (Fully Favorable Decision) dated March 25th, 2019 and was authorized by Social Security Administration Employee/ Administrative Law Judge / John Pebble and this Breech of Constitutional Law of Civil Rights was violated by employee's which employment is under the direct binding authority of the Social Security Administration of The United States Of America and this Default Judgement that also includes the Department of Justice/ Civil Rights Division with No. (12172- FHX) and Office of Special Counsel, Merritt System Protection Board, Federal Bureau of Investigation, Office of United States Attorney General, Department of Justice/ Criminal Division and to include the Office of The Inspector General / Inspector General / Micheal Evans Horowitz and Social Security Commissioner/ Jo Ann Barnhart and including Regional Social Security Office in Atlanta, Ga for Discrimination Against a Cripple and Disable person (X - 4) and this matter is pertaining to all present and past Social Security Commissioner and Social Security Office of The Inspector General in employment capacity under The Social Security Administration.

4

(ECF No. 17, at 1–2.)  As this Court explained in its earlier Report and Recommendation to Deny Motion for Default Judgment:

> Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Entry of default under Rule 55(a) must occur "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Hays v. Wharton*, No. 11-2193-JDT-tmp, 2013 WL 4049534, at *1 (W.D. Tenn. Aug. 8, 2013) (quoting *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009)).  Moreover, "to obtain an entry of default under Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendants' failure to plead or otherwise defend the action." *White v. Stephens*, No. 13-CV-2173-JDT-tmp, 2014 WL 727000, at *1 (W.D. Tenn. Jan. 14, 2014), *report and recommendation adopted*, No. 13-2173-JDT/TMP, 2014 WL 763355 (W.D. Tenn. Feb. 24, 2014).

(ECF No. 13, at 3.)  As was the case when Ross filed his previous motion for default judgment, he has still not filed an application for default, rendering his request for a default judgment premature.

Ross appears to have submitted two affidavits in support of his motion, one he characterizes as "Final Judgement Motion for Entering Rule 55(a) Default Judgement (Affidavit)" (ECF No. 17), and a second he characterizes as "Affidavit Motion for Entry of Default Judgment Motion for Default for Failure to Appear," which he purports to make pursuant to Rule 55(b) (ECF No. 20).  Even if either or both of those documents were construed as a request for an application of default, as is explained in more detail below, Ross has still not demonstrated that Defendant was served in this case, and "there must be effective service of process on a defendant before an entry of default can be made.  Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Parker v. Joseph Constr. Co.*, No. 3:07-CV-156, 2008 WL 821976, at *3 (E.D. Tenn. Mar. 26,

5

2008) (quoting *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000)).[4]

For the foregoing reasons, the Court recommends that Ross's Motion for Default Judgment be DENIED.

### B.   Recommendation to Dismiss for Failure to Prosecute

As noted, the Court has issued two orders to show cause in this matter, both of which were related to Ross's failure to effectuate service consistent with his obligations under Federal Rule of Civil Procedure 4.  (*See* ECF Nos. 9, 14.)[5]

Rule 4(i) governs service of a summons on the United States, its agencies, corporations, officers, and employees.  The rule provides that a party serving the United States must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

---

[4] Assuming that Ross followed the proper steps and the Court entered a default against the government, he would still not be entitled to a default judgment, as, under Federal Rule of Civil Procedure 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Ross has still not provided such evidence.

[5] On December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Review Actions Under 42 U.S.C. § 405(g), which modified the service requirements for actions brought under that provision.  *See* 340 F.R.D. 829, 831–32.  The amendment took effect December 1, 2022, and "govern[s] all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."  *Id.* at 830.  Ross brought his claims against the Social Security Administration pursuant to 42 U.S.C. § 1983, not 42 U.S.C. § 405(g), rendering any modifications to the service requirements under Rule 4 inapplicable to his case.

Fed. R. Civ. P. 4(i)(1).  The rule also provides that a party serving an agency, corporation, officer, or employee sued in an official capacity must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  As this Court has explained, "the requirement of proper service of process 'is not some mindless technicality.'"  *Marshall v. Costco Wholesale Corp.*, No. 2:18-cv-02309-SHL-tmp, 2018 WL 11511775, at *1 (W.D. Tenn. Oct. 17, 2018) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).  Instead, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties," and "[a]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service."  *Id.* (citations omitted).  Courts have broad discretion to dismiss actions for insufficient service.  *Robinson v. Tenn. Highway Patrol*, No. 1:16-cv-01296-JDB-egb, 2017 WL 3234390, at *2 (W.D. Tenn. July 31, 2017) (citations omitted).

Ross has not demonstrated service under either Rule 4(i)(1) or (2). He has provided tracking updates that appear to have been sent to his email related to the delivery of several FedEx parcels: Shipment 277549357899 was delivered to Washington, D.C., on September 7, 2022; 277548995710 was delivered to Washington, D.C., on September 8, 2022; 277549317336 was delivered to Memphis, Tennessee, on September 8, 2022; 277549206678 was delivered to Baltimore, Maryland, on September 8, 2022; 277549162951 was delivered to Washington, D.C., on September 6, 2022; 277549108553 was delivered to Washington, D.C., on September 6, 2022; and 277549261454 was delivered to Washington, D.C., on September 6, 2022. (ECF No. 22-1, at 1–13.)

Ross also produced several screenshots indicating several items were delivered by the United States Postal Service: 9534616202922292704517 was picked up at a postal facility in Baltimore, Maryland, on October 24, 2022; 9534616202922292704500 was delivered to Washington, D.C., on October 21, 2022; 95346162029222927045487 was picked up at a postal facility in Washington, D.C., on October 24, 2022; 9534616202922292704463 was delivered to Washington, D.C., on October 24, 2022; 9534616202922292704524 was delivered to Memphis, Tennessee, on October 20, 2022; and 9534616202922292704470 was delivered to a mailbox in Washington, D.C., on October 21, 2022. (*Id.* at 16–21). Ross appears to have included the receipts from the USPS packages, which indicate that the packages were shipped "USPS Retail Ground." (*See id.* at 24–26.)

In addition to the FedEx delivery confirmations and the USPS screenshots and receipts, Ross included certificates of service indicating that he "sent a copy of this legal document" on October 18, 2022, to the following seven entities: United States Office of Attorney General, United States Department of Justice Civil Rights Division, United States Merritt System

8

Protection Board, United States Office of Special Counsel, United States Office of the Inspector General for the Social Security Administration, the Federal Bureau of Investigation, and the Social Security Administration.  (*Id.* at 27–33.)[6]

Although Ross has provided some evidence that he has mailed packages to various entities of the United States government, nowhere in any of his filings does he suggest that he delivered a copy of the summons and of the complaint to the United States attorney for the Western District of Tennessee, or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the court clerk, consistent with Rule 4(i)(1)(A)(i).  Nor does he suggest anywhere that he sent a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office, consistent with Rule 4(i)(1)(A)(ii).  His failure to do so renders his ongoing attempts to serve the United States insufficient under Rule 4(i)(1) and (2).[7]

The Court recommends dismissing Ross's case, without prejudice, given his repeated failed attempts to effectuate service upon the United States, the two previous show cause orders that have not resulted in Ross's remedying the service deficiencies, and the warning that a failure to effectuate service would result in just such a recommendation.  Though "the Court sympathizes with [plaintiff's] attempts as a *pro se* litigant to effect proper service of process, neither the Court nor the Clerk can assist him in this endeavor."  *Robinson*, 2017 WL 3234390,

---

[6] In a document filed September 6, 2022, titled "Certificate of Service," Ross included pictures of seven FedEx-labeled parcels addressed to those entities. (ECF No. 18.)

[7] Ross had summonses issued to "Chancellor Judge/Walter L. Evans" of the Shelby County Chancery Court, as well as Administrative Law Judge John A. Peebles of the SSA in Memphis. (*See* ECF Nos. 7, 7-1.)  Neither Evans nor Peebles are named Defendants in the case.  Ross appears to have included return receipts that indicate parcels were delivered to their addresses by the USPS, though the return receipts do not indicate the type of service used. (ECF No. 22-1, at 15.)

at *2 (W.D. Tenn. July 31, 2017) (quoting *Payne v. Tennessee*, No. 2:14-0047, 2014 WL 3362247, at *3 (M.D. Tenn. July 8, 2014), *report & recommendation adopted* 2014 WL 5846555 (M.D. Tenn. Nov. 12, 2014)). As "the procedural rules applicable to civil cases must be followed by the represented and unrepresented alike," the Court recommends that Ross's complaint be dismissed. *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## CONCLUSION

For the foregoing reasons, it is recommended that Ross's Motion for Default Judgment be DENIED and that his complaint be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

Respectfully submitted this 19th day of May, 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.