IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JESSE LYNN ROSS,

    Plaintiff,

v.                                                                                Case No. 2:21-cv-2508-MSN-atc

SOCIAL SECURITY ADMINISTRATION
UNITED STATES OF AMERICA,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS FOR DEFAULT JUDGMENT, AND DISMISSING CASE WITHOUT PREJUDICE

Before the Court is Magistrate Judge Christoff's Report and Recommendation to Deny Motion for Default Judgment and to Dismiss Case for Failure to Prosecute (ECF No. 27, "Report") entered May 19, 2023. The Report recommends that Plaintiff's Motion for Default Judgment (ECF No. 17, "Second Motion")[1] filed September 1, 2022, be denied. (ECF No. 27 at PageID 1454, 1457–59.) Plaintiff did not timely file objections to the Report; Plaintiff's filed his objections 38 days after the Report was entered, on June 26, 2023, and did so without obtaining leave of the Court permitting the untimely filing. (*See* ECF No. 28). Since filing his objections to the Report,

---

[1] Previously, on December 1, 2021, Plaintiff filed a Motion for Default Judgment (ECF No. 8, "First Motion"). The First Motion was filed approximately 118 days after the filing of the complaint. The next day, the Magistrate Judge entered an Order to Show Cause noting that there was no proof of service on the docket and ordering Plaintiff to show cause before December 23, 2021 why the matter should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The Magistrate Judge ultimately entered a Report and Recommendation recommending denying the First Motion, which this Court adopted over Plaintiff's timely-filed objections. (*See* ECF Nos. 13, 16, & 19.)

Plaintiff has also filed a "Certificate of Service," (ECF No. 29), a Third Motion for Default Judgment (ECF No. 30, "Third Motion"), along with an "Affidavit" (ECF No. 31) in support of the Third Motion.

For the reasons set forth below, Plaintiff's untimely objections are **OVERRULED**; the Report is **ADOPTED**; Plaintiff's Second Motion (ECF No. 17) is **DENIED**; Plaintiff's Third Motion (ECF No. 30) is **DENIED**; and this matter is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection

to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

### A. The Report and Plaintiff's Untimely Objections

Plaintiff's objections to the Report were not timely filed, and therefore, the Court need not address the merits of the objections; instead, the Court can resolve the matter based on waiver. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *see also Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450, 456 (6th Cir. 2007) (noting that a district court is "under no obligation" to consider untimely objections). In the interests of justice, a court may excuse a party's failure to timely file objections, but it is not required to do so. *Jones v. Warden, Ross Corr. Inst.*, No. 2:11-CV-0871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013).

Here, the interests of justice would not be served by the Court's consideration of Plaintiff's untimely objections. First, neither Plaintiff's objections nor any subsequent document filed by

3

Plaintiff provide an explanation that would justify the late filing.[2]  Second, Plaintiff's objections generally repeat the allegations set forth in his complaint and other motions, objections, and documents in the record (*see* ECF Nos. 1, 8, 11, 12, 16, 21, 25 ); the objections do not address the Report's conclusions or recommendations about Plaintiff's failure to timely serve Defendants.

Plaintiff's objections are therefore **OVERRULED** as untimely.  The Court has reviewed the Report for clear error and finds none.  The Court thus **ADOPTS** the Report's proposed findings of fact and conclusions of law on Plaintiff's Second Motion, and **DENIES** Plaintiff's Second Motion for Default Judgment (ECF No. 17).

B.      **Plaintiff's Third Motion (ECF No. 30)**

On July 10, 2023, Plaintiff filed his Third Motion for Default Judgment (ECF No. 30) and an Affidavit (ECF No. 31).  Prior to those filings, Plaintiff also filed a "Certificate of Service," (ECF No. 29), which certified a "legal copy" of an unspecified document was sent to: Michael Evans Horowitz/Inspector General, Jo Ann Barnhart/Commissioner, Social Security Regional Office/Atlanta, L. Douglas/Manager, K. Hunt/Supervisor, and Amanda Hargrove/Employee, along with blurry screenshots that appear to be related to several FedEx shipments.  Again,

---

[2] On page 45 of the objections under the heading "NOTICE TO THE DISTRICT COURT," Plaintiff asserts "Jesse Lynn Ross did not receive mailing until June 27th, 2023 that was mail from District Court on June 22nd, 2023." (ECF No. 28 at PageID 1511.)  First, it is not clear to which document Plaintiff is referring.  A review of the docket shows that no Court orders were entered on or near June 22, 2023, so there was nothing for the Clerk's office to mail on that date.  However, the Report was mailed to Plaintiff on <u>May 22, 2023</u>; although it was entered May 19, 2023, because that date was a Friday, the Clerk's office mailed the Report to Plaintiff the first business day after it was entered. Second, assuming Plaintiff is referring to the Report, he states he did not receive the Report until June 27th, yet his 95 pages of objections were filed the day before, on June 26th. Pursuant to Fed. R. Civ. P. 72(b), Plaintiff had 14 days after being served with the Report to file written objections.  Because the Report was served by mail, three days were added under Fed. R. Civ. P. 6, but service was complete when the Report was mailed, not when it was received.  Therefore, Plaintiff's objections were due no later than June 8, 2023.  Without more, Plaintiff's bald assertion that he did not receive the Report until June 27th is an insufficient to justify his late-filed objections.

however, Plaintiff has not shown that Defendant has been properly served in accordance with Federal Rule of Civil Procedure 4(i)(1) and (2). Nor has Plaintiff filed an application for entry of default. Therefore, for the same reasons set forth in the Report and Recommendation on the First Motion (ECF No. 13), the Court's order adopting the Report and Recommendation on the First Motion (ECF No. 19), and the Report and Recommendation on the Second Motion (ECF No. 27), Plaintiff's Third Motion for Default Judgment (ECF No. 30) is **DENIED**.

C. **Dismissal without Prejudice for Failure to Timely Serve under Rule 4(m)**

The Report also recommends that this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effectuate service. (*See* ECF No. 27 at PageID 1462–63.) As discussed above, Plaintiff's objections to the Report were untimely and are **OVERRULED** on that basis. The Court has reviewed the Report for clear error and finds none. The Court thus **ADOPTS** the Report's proposed findings of fact and conclusions of law recommending dismissal of Plaintiff's complaint for failure to prosecute.

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id.* Rule 4(m) directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted); *see also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn.

1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

As detailed in the Report, the Magistrate Judge entered two Show Cause Orders related to Plaintiff's failure to effectuate service. (*See* ECF No; 27 at PageID 1459; ECF Nos. 9 & 14.) The second Show Cause Order specifically warned that Plaintiff's failure to effectuate and file proof of service would result in a recommendation that his case be dismissed without further notice. (ECF No. 14 at PageID 524.) That second Show Cause Order was entered nearly a year ago— August 26, 2022. Plaintiff did not respond directly to the second Show Cause Order, but subsequently filed several documents showing FedEx and USPS tracking for packages sent to addresses in Memphis, Tennessee and Washington, D.C. (ECF Nos. 18, 22, 22-1, 26 & 29.) One of these includes a document Plaintiff titled "Proof of Service U.S. Attorney of Tennessee, United States Attorney in D.C." and includes pictures of packages addressed to "Office of U.S. Attorney State TN, 167 N. Main St #800, Memphis, TN 38103" with tracking # 3963 2807 7912 and to "Civil Process Clerk, United States Attorney Office, 555 4th ST NW, Washington DC 20530" with tracking # 3963 2784 1300. (*See* ECF No. 26 at PageID 1451–52.) That same filing also includes two screenshots showing tracking for the two packages with delivery on March 30, 2023 at 12:53 p.m. for the first package and delivery on April 5, 2023 at 11:16 a.m. for the second package. (*Id.* at PageID 1450, 1453.) Unfortunately, this is insufficient to establish that proper service has been made.

First, at various points Plaintiff alleges that he "sent a copy of this legal document," (ECF No. 22-1 at PageID 1250–56), or "a legal copy has been sent to all parties," (ECF No. 29 at PageID 1559), but he does not identify *what* was sent. Proper service on a defendant requires service of

both summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). The docket reflects that the only summonses issued in this case were to "Chancellor Judge / Walter L. Evans," and "Administrative Law Judge / John A. Peebles," but neither Evans nor Peebles is named as a Defendant. (*See* ECF No. 27 at PageID 1462.)

Second, even if the Court assumed that the packages Plaintiff sent contained a summons and copy of the complaint, Plaintiff has still not shown proper service as required under Rule 4(i)(1)(A)(i) or (ii). Plaintiff's "Proof of service U.S. Attorney of Tennessee," merely shows a package addressed to the "Office of U.S. Attorney State TN." (ECF No. 26 at PageID 1451.) Rule 4(i)(1)(A)(i), however, requires "deliver[y]" to specific persons. *See Fox v. U.S. Postal Serv.*, No. 18-CV-10901-LJM-SDD, 2019 WL 1034221, at *3 (E.D. Mich. Mar. 5, 2019). Here, Plaintiff has presented proof that his package was delivered to the office address for the U.S. Attorney for the Western District of Tennessee. Without more, however, that does not satisfy Rule 4(i)(1)(A)(i); the package lacked a specific addressee and nothing in the record confirms who received the package. Nor has Plaintiff shown proper service under Rule 4(i)(1)(A)(ii). Although Plaintiff has shown delivery of a package addressed to "Civil process Clerk United States Attorney Office," that package was sent to a Washington, D.C. address. (*See* ECF No. 26 at PageID 1452.) Plaintiff has therefore not shown service as required, and his failure to make service under Rule 4(i)(1)(A)(i) or (ii) means he has not effected service on the United States as required under Rule 4(i)(1) and (2).

Finally, Plaintiff has also not shown he effected service on the Attorney General of the United States under Rule 4(i)(1)(B). Again, Plaintiff has filed proof of delivery of several packages to addresses in Washington D.C., but nothing to show to whom those packages were

addressed or the addresses to which they were delivered.[3] Without more, this is insufficient to show service on the Attorney General of the United States as required under Rule 4(i)(1)(B). *See Cole v. Shinseki*, No. 12-2969-STA-TMP, 2013 WL 2289257, at *4 (W.D. Tenn. May 23, 2013). Plaintiff's failure to make service on the Attorney General of the United States under Rule 4(i)(1)(B) again means he has not served the United States as required under Rule 4(i)(1) and (2).

Plaintiff was initially alerted in December 2021 that he needed to effect service of process in accordance with Rule 4 or else his case could be dismissed for failure to prosecute. (*See* ECF No. 9 at PageID 488–89.) And nearly a year ago, Plaintiff was ordered to serve Defendant in accordance with Rule 4 within 30 days of the entry of the Second Order to Show Cause and to Effectuate Service (ECF No. 14). The Second Show Cause Order again warned that Plaintiff's failure to effectuate and file proof of service would result in a recommendation that his case be dismissed without further notice. (ECF No. 14 at PageID 524.) Unfortunately, Plaintiff's efforts to serve Defendant in this matter do not satisfy Rule 4's requirements for numerous reasons. This Court echoes the Report's sentiments about the difficulties Plaintiff, as a *pro se* litigant, faces in effecting service of process. The Court nevertheless agrees with and accepts the recommendation that this matter be dismissed without prejudice due to Plaintiff's failure to serve Defendant pursuant to Rule 4(m).

---

[3] Further, the address listed on the "Certificate of Service" for the "United States of America / United States of America / Office of Attorney General" appears to contain the address for the office of the Attorney General for the District of Columbia, not the Attorney General of the United States. (*See* ECF No. 22-1 at PageID 1250.)

**CONCLUSION**

For the reasons set forth above, Plaintiff's objections are **OVERRULED** as untimely, the Report is **ADOPTED**, and the Court **ACCEPTS** the Magistrate Judge's recommendations. Plaintiff's Second Motion for Default Judgment (ECF No. 17) is **DENIED**; and Plaintiff's Third Motion for Default Judgment (ECF No. 30) is **DENIED**. Finally, this matter is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**, this 21st day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE